[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
This appeal is taken by defendant-appellant Charles D. Wood, II ("Wood") from a judgment of the Common Pleas Court of Van Wert County sentencing him to the maximum sentence of five years for sexual battery, a violation of R.C. 2907.03(A)(1).
Wood was charged with one count of rape. On June 8, 1998, pursuant to a plea negotiation, Wood pled guilty to a charge of sexual battery and the rape charge was dismissed. A pre-sentence investigation report was ordered. On July 15, 1998, a sentencing hearing was held and the report was entered into evidence. The trial court sentenced Wood to five years in prison.
Wood makes the following assignment of error.
The trial court erred in imposing the maximum sentence.
R.C. 2929.19(B)(2) states as follows:
 The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
* * *
 (d) If the sentence is for one offense and it imposes a prison term for the offense that is the maximum prison term allowed for that offense by [R.C. 2929.14(A)], its reasons for imposing the maximum prison term.
Here, Wood was charged with sexual battery, a felony of the third degree. The maximum prison term for this charge is five years. R.C. 2929.14. Since the trial court sentenced Wood to the maximum sentence, it was required to state its reasons for doing so.
In this case, the trial court specifically stated that it considered the factors set forth in R.C. 2929.11 and R.C. 2929.12. The trial court then determined that Wood was not amenable to community control and should be placed in prison. The trial court further found that the shortest prison term would demean the seriousness of the offense and that Wood had committed the worst form of the offense. Thereupon, the trial court sentenced Wood to the maximum sentence. Although the judgment entry does not state the specific findings of fact to support the conclusions made by the trial court, the record before us contains substantial material that, if accepted by the trial court, supports the trial court's conclusions.[1] Because the judgment entry contains the minimum language necessary in the circumstances to sentence the defendant to the maximum sentence, the trial court has substantially complied with the statute. Thus, the assignment of error is overruled.
The judgment of the Common Pleas Court of Van Wert County is affirmed.
Judgment affirmed.
 SHAW, P.J., concurs.
HADLEY, J., dissenting.
[1] The record in State v. Lazenby (Nov. 13, 1998), Union App. No. 14-98-39, unreported, contained no language in the judgment entry to support the imposition of a maximum sentence and the record lacked any facts to support the trial court's judgment. Therefore, the two cases are distinguishable.